IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| JBS HAIR, INC., <br><br> Plaintiff, <br><br> v. <br><br> Hair Zone, Inc., <br><br> Defendant. | CIVIL ACTION <br><br> NO. _____ <br><br> **Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff JBS Hair, Inc. ("JBS" or "Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Georgia, having its principal office at 3587 Oakcliff Road, Doraville, GA 30340.

2. Defendant Hair Zone, Inc., ("Hair Zone" or "Defendant") is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business located at 10 State Street, Moonachie, New Jersey 07074. Defendant may be served with process in this action by and through its registered agent, Hyunok Kang, 3020 Evergreen Drive, Duluth, GA 30096. Upon

information and belief, Defendant sells, offers to sell, imports, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

3. This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

4. This Court has general and specific personal jurisdiction over Defendant, consistent with due process, because Defendant has minimum contacts with the State of Georgia pursuant to the Georgia Long Arm Statute and has purposefully availed itself of the privileges of conducting business in the State of Georgia. For example, on information and belief, Defendant has sold or offered to sell infringing products in the State of Georgia and in this Judicial District, or has manufactured accused products and provided them to intermediaries for distribution throughout the country, including in the State of Georgia and this Judicial District, with knowledge of this distribution.

5. Venue is proper in this Court as to Defendant pursuant to 28 U.S.C. § 1391(c)(3). Specifically, on information and belief, Defendant maintains a physical place of business in this judicial district at one or more of the following addresses: 425 Hartman Road, Austell, GA 30168; 2440 Satellite Blvd., Duluth, GA 30096; and/or 3020 Evergreen Drive, Duluth, GA 30096.

## FACTUAL BACKGROUND

*The '026 Patent*

6. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 10,786,026, entitled "Synthetic Braiding Hair of Differing Lengths Packaged with a Cardioid" ("the '026 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the United States Patent and Trademark Office ("USPTO") during prosecution.

7. A true and correct copy of the '026 patent is attached hereto as Exhibit A. The '026 patent is incorporated herein by reference.

8. The application that became the '026 patent was filed on December 15, 2016.

9. The '026 patent issued on September 29, 2020, after a full and fair examination by the USPTO.

3

10. The '026 patent is valid and enforceable and directed to eligible subject matter.

11. The elements recited in the asserted claims of the '026 patent were not well-understood, routine, or conventional when the application that became the '026 patent was filed.

**The '478 Patent**

12. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 10,945,478, entitled "Packaged Synthetic Braiding Hair" ("the '478 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO during prosecution.

13. A true and correct copy of the '478 patent is attached hereto as Exhibit B. The '478 patent is incorporated herein by reference.

14. The application that became the '478 patent was filed on August 13, 2020, claiming priority to the application that became the '026 patent.

15. The '478 patent issued on Mar 16, 2021, after a full and fair examination by the USPTO.

16. The '478 patent is valid and enforceable and directed to eligible subject matter.

17. The elements recited in the asserted claims of the '478 patent were not well-understood, routine, or conventional when the application that became the '478 patent was filed.

**The '301 Patent**

18. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 10,980,301, entitled "Packaged, Bundled Synthetic Braiding Hair Having Bundles of Differing Lengths" ("the '301 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO during prosecution.

19. A true and correct copy of the '301 patent is attached hereto as Exhibit C. The '301 patent is incorporated herein by reference.

20. The application that became the '301 patent was filed on August 13, 2020, claiming priority to the application that became the '026 patent.

21. The '301 patent issued on April 20, 2021, after a full and fair examination by the USPTO.

22. The '301 patent is valid and enforceable and directed to eligible subject matter.

23. The elements recited in the asserted claims of the '301 patent were not well-understood, routine, or conventional when the application that became the '301 patent was filed.

### COUNT I – INFRINGEMENT OF THE '026 PATENT

24. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

25. Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '026 patent.

26. For example, Defendant infringes at least claims 1, 9-12, 15, and 17 of the '026 patent, either literally or under the doctrine of equivalents, at least in connection with Defendant's Sensationnel RUWA X-Pression and similar products as detailed in the preliminary claim charts attached hereto as Exhibit D and incorporated herein by reference.

27. Defendant's infringing activities are and have been without authority or license under the '026 patent.

28. Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '026 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

29. Prior to filing this action, Plaintiff specifically notified Defendant in writing of its infringement of the '026 patent.

30. Defendant has continued to infringe the '026 patent despite receiving such notice and having actual knowledge of the '026 patent at least since receiving such notice, and Defendant's infringement has therefore been willful.

31. Based at least on Defendant's willful infringement, this case should be declared exceptional, and Plaintiff should be awarded its costs, attorney's fees, and both pre- and post-judgment interest.

## COUNT II – INFRINGEMENT OF THE '478 PATENT

32. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

33. Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '478 patent.

34. For example, Defendant infringes at least claim 17-20 of the '478 patent, either literally or under the doctrine of equivalents, at least in connection with Defendant's Sensationnel RUWA X-Pression and similar products as detailed in the preliminary claim charts attached hereto as Exhibit E and incorporated herein by reference.

35. Defendant's infringing activities are and have been without authority or license under the '478 patent.

36. Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '478 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

37. Prior to filing this action, Plaintiff specifically notified Defendant in writing of its infringement of the '478 patent.

38. Defendant has continued to infringe the '478 patent despite receiving such notice and having actual knowledge of the '478 patent at least since receiving such notice, and Defendant's infringement has therefore been willful.

39. Based at least on Defendant's willful infringement, this case should be declared exceptional, and Plaintiff should be awarded its costs, attorney's fees, and both pre- and post-judgment interest.

## COUNT III – INFRINGEMENT OF THE '301 PATENT

40. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

41. Defendant has been and is now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '301 patent.

42. For example, Defendant infringes at least claim 1, 4-9, and 11 of the '301 patent, either literally or under the doctrine of equivalents, in connection with Defendant's Sensationnel RUWA X-Pression and similar products, as detailed in the preliminary claim charts attached hereto as Exhibit F and incorporated herein by reference.

43. Defendant's infringing activities are and have been without authority or license under the '301 patent.

44. Plaintiff has been, and continues to be, damaged by Defendant's infringement of the '301 patent, and Plaintiff is entitled to recover damages for Defendant's infringement, which damages cannot be less than a reasonable royalty.

45. Prior to filing this action, Plaintiff specifically notified Defendant in writing of its infringement of the '301 patent.

46. Defendant has continued to infringe the '301 patent despite receiving such notice and having actual knowledge of the '301 patent at least since receiving such notice, and Defendant's infringement has therefore been willful.

47. Based at least on Defendant's willful infringement, this case should be declared exceptional, and Plaintiff should be awarded its costs, attorney's fees, and both pre- and post-judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendant, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendant has infringed one or more claims of the '026 patent, and that this infringement has been willful,

B. Entry of judgment that Defendant has infringed one or more claims of the '478 patent, and that this infringement has been willful,

C. Entry of judgment that Defendant has infringed one or more claims of the '301 patent, and that this infringement has been willful,

D. Damages in an amount to be determined at trial for Defendant's infringement, which amount cannot be less than a reasonable royalty,

E. Entry of a permanent injunction,

F. Entry of judgment that this case is exceptional, and that Plaintiff be awarded all of its costs, expenses, and attorney's fees incurred in connection with this action,

G. Pre-judgment and post-judgment interest on the damages assessed, and

H.     Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 4th day of May, 2020.

                                           */s/Daniel A. Kent*
                                           Daniel A. Kent
                                             dankent@kentrisley.com
                                             Tel: (404) 585-4214
                                             Fax: (404) 829-2412
                                           Stephen R. Risley
                                             steverisley@kentrisley.com
                                             Tel: (404) 585-2101
                                             Fax: (404) 389-9402
                                           Olivia E. Marbutt
                                             oliviamarbutt@kentrisley.com
                                             Tel: (404) 855-3865
                                           KENT & RISLEY LLC
                                           5755 N Point Pkwy Ste 57
                                           Alpharetta, GA 30022

                                           Attorneys for Plaintiff